

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 1, 1947

Hon. Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Opinion No. V-177

Re: Legality of placing cattle
guards and gate across a
public road rather than
fencing the adjoining land.

Dear Sir:

On the following facts, you ask two related questions:

"A man in our county owns land on both sides of a public road. In order to keep from constructing a fence on both sides all along the road, he wants to build a cattle guard from the center of the road to the edge of the road on one side and a bridge from the center of the road to the edge of the road on the other side. Motor vehicles passing along the road could pass over the cattle guard without having to stop. Wagons and other horse-drawn vehicles would have to stop, open a gate extending to the center of the road adjacent to the bridge and go through the same procedure at another point on this road where this man's property ends. We would like for you to answer two questions for us: (1) Is it legal to obstruct a road to the extent of causing drivers of animal-drawn vehicles to have to open and shut gates extending from one side of the road to the center of the road? (2) If this procedure is legal, would it be legal for the county to pay for the construction of the proposed bridges, gates and cattle guards if the only purpose served by this procedure is to prevent the owner of the land adjoining the road from having to fence his land along the right of way on both sides of the road?

Article 784 of V.P.C. provides as follows:

"Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public road or highway or any street or alley in any town or city, or any public bridge or causeway, within this State, shall be fined not exceeding two hundred dollars. (Acts 1860, p. 97; Acts 1913; p. 258.)"

Under the above statute, it has been held in the case of Jolly v. State, 19 Cr. R. 76, that the erection of a gate across the public road constitutes an illegal obstruction of the road. We have found no cases holding that a cattle guard constitutes an illegal obstruction. However, in a prior opinion, No. 0-4695, the Attorney General ruled that the Commissioners' Court of Travis County had no authority to construct cattle guards across public roads in Travis County and that cattle guards constituted an obstruction.

In 21 Texas Jurisprudence, page 723, 724, under the heading "What is an Obstruction," it is stated:

"Evidence having been given of an artificial, physical obstruction to travel, it is immaterial that the defendant's structure encroaches upon only part of the roadway and that the remaining part leaves ample space for travel. Any narrowing of the road to less than its legal width is an obstruction, and any obstruction that interferes with the road in the sense of making it less convenient for travel is an offense. However, the convenience of the public is not the sole test, for any permanent interference with the public right is an obstruction, although, regarded physically, the defendant has not in fact obstructed public travel. Thus a conviction was affirmed where the obstruction consisted of cutting the roadway, putting a culvert across it, and leaving the road in a condition not as good as before. Fencing along a stream from a bridge approach to the road boundary is likewise a legal obstruction. And of course an inclosure of part of the road by another does not justify the defendant's inclosure of the remaining part."

Article 6704 of V.C.S. authorizes the Commissioners Court of any county in the State containing a population of not less than 5690 and not more than 5750 inhabitants according to the last preceding Federal Census, to construct cattle guards across any and all first, second or third class of roads in such county. This Act further provides "such cattle guards shall not be classed or considered as obstruction on said road." An examination of the last Federal Census of your county shows the population of Hopkins County is more than that described in Section 4 above mentioned. Consequently, no authority is extended to your county under this provision, even if the provision should be a constitutional act.

It is our opinion that a gate and cattle guard across a public road in your county would constitute an obstruction and would be in violation of Art. 784 of the Penal Code above quoted. It necessarily follows that Hopkins County is not authorized to pay the cost of such gate and cattle guard.

## SUMMARY

1. The erection of a gate and cattle guard across a public road, causing drivers of animal-drawn vehicles to have to open and shut gates extending from one side of the road to the center of the road, would constitute an illegal obstruction of the road. Art. 784, V.P.C.

2. It is not legal for Hopkins County to pay for the construction of a bridge, gate and cattle guard across a public road so as to prevent the owner of the land adjoining the road from having to fence his land along the right of way on both sides of the road.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Charles E. Crenshaw
Assistant

CEC:rt

APPROVED MAY 3 1947

ATTORNEY GENERAL OF TEXAS